# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMIR WHITEHURST, | : | |
| | : | |
| Plaintiff, | : | No. 3:17-cv-00903 |
| | : | |
| v. | : | (Mannion, J.) |
| | : | (Saporito, M.J.) |
| LACKAWANNA COUNTY, et al. | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM**

This is a counseled prisoner civil rights action which comes before the court on motions by the plaintiff to compel discovery (Doc. 69), and a motion for attorney's fees and costs. (Doc. 71). In the complaint, the plaintiff alleges that he was a pre-trial detainee in the Lackawanna County Prison who was deprived of necessary medical treatment. He is currently an inmate at the state correctional institute at Graterford ("SCI-Graterford").

## *I. Statement of Facts*

The facts pertinent to these motions include the plaintiff's allegations in the complaint (Doc. 1) that the individual medical defendants failed to provide the necessary medical treatment and/or

adequate treatment for plaintiff's serious mental and physical health needs, despite having been informed by plaintiff of his needs and knowing that serious injury would result. In addition, it is alleged that the individual medical defendants completely abandoned any medical care to the plaintiff from May 28, 2015, through June 9, 2015. Also, the plaintiff has alleged that while he was incarcerated at the Lackawanna County Prison, the individual medical defendants who were under the control and employment of defendant Correctional Care, Inc. ("C.C.I.") were deliberately indifferent to his medical needs in that they ignored the plaintiff's repeated requests for help, food, and water. The complaint further alleged that the defendants ignored some signs that the plaintiff was suffering from kidney failure, and that he was near death. The plaintiff asserted that the defendants failed to treat the plaintiff's mental health illness which caused the plaintiff's refusal to eat or drink.

The plaintiff alleged that C.C.I. was first awarded a contract as the sole medical care provider for Lackawanna County Prison in 2004 after a bidding process in 2003. The contract was renewed several times by Lackawanna County. The plaintiff maintains that his injuries were

directly attributable to C.C.I.'s prioritization of profits and cost-cutting over patients and its failure to adequately treat the plaintiff during his stay in the Lackawanna County Prison.

In his motion for attorney's fees and costs (Doc. 71), the plaintiff seeks the recovery of fees and costs for obtaining service and compelling discovery. In his brief, the plaintiff argues that the defendants willfully refused to provide discovery. (Doc. 73, at 2). Also, the plaintiff asserts that the defendants have a history of vexatious and obdurate behavior regarding their refusal to accept service on behalf of C.C.I.'s nurses. In a telephone conference with the court and counsel on November 6, 2017, plaintiff's counsel stated he would advise the court whether service had been effected and whether his motion to compel service and impose sanctions (Doc. 50) can be withdrawn.

In his letter of November 13, 2017, counsel for the plaintiff informed the court that the motion for service and sanctions was withdrawn without prejudice. (Doc. 54). Based upon that correspondence, we deemed the motion withdrawn without prejudice. (Doc. 55). The docket reflects that shortly thereafter, service was made upon those defendants which were the subject of the motion for service.

(Doc. 56; Doc. 57; Doc. 58).

On January 31, 2018, we conducted a telephone conference with counsel in an effort to resolve a discovery dispute. The dispute centered around the plaintiff's request for production of documents addressed to the defendants, C.C.I. and Dr. Edward Zaloga, First Set (Doc. 70-1) and the objections thereto (Doc. 70-1; Doc. 70-2). We resolved most of the objections during the conference. The three unresolved objections during the telephone conference were Request for Production of Documents Nos. 3, 7, and 11, and any other request(s) seeking financial information of either defendant. We permitted the plaintiff to file an appropriate motion to compel with respect to the unresolved objections. (Doc. 67). Before us only are Request Nos. 3 and 7 and the objections thereto. We shall deem Request No. 11 withdrawn. As explained below, the plaintiff's motion to compel will be granted in part and denied in part, and his motion for attorney's fees and costs will be denied.

## II. Legal Standards

### a. Motion to Compel Discovery

The Federal Courts have broad discretion to manage discovery, *Sempier v. Johnson & Higgins,* 45 F.3d 724, 734 (3d Cir. 1995), and the

Federal Rules of Civil Procedure have long permitted broad and liberal discovery. *Pacitti v. Macy's,* 193 F.3d 766, 777 (3d Cir. 1999). Pursuant to Fed. R. Civ. P. 26(b)(1), parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Further, the Federal Rules' relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 350 (1978).

### *b. Motion for Attorney's Fees and Costs*

Although not designated as such, we construe the plaintiff's motion for attorney's fees to be filed under Fed. R. Civ. P. 37 (Failure to Make Disclosures or to Cooperate in Discovery; Sanctions). Specifically, Rule 37(a)(3)(B)(iv) permits a party seeking discovery to move for an order compelling "production" if a party fails to produce documents as requested under Rule 34. Further, if a motion is filed and granted, Rule 37(a)(5)(A) directs that the court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the

motion . . . to pay the movant's reasonable expenses in making the motion." However, the court must not order the payment where the opposing party's objection to the discovery was substantially justified or other circumstances make an award unjust. *Id.* The Supreme Court established the meaning of *substantial justification* as "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the District Court. *Bower v. Nat's Collegiate Athletic Ass'n*, 475 F.3d 524 (3d Cir. 2007). Like other sanctions, attorneys' fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record. *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980).

### III. Discussion

#### a. Request for Production of Documents No. 3

Request No. 3 is directed to C.C.I. and/or Dr. Edward Zaloga and it seeks documentation of all payments made to them from Lackawanna

County or on behalf of Lackawanna County from January 2004 to the present for reimbursement related expenses incurred.

The defendants have objected to this request on the grounds that any discovery concerning any payments made to C.C.I and/or Dr. Edward Zaloga during any time frame is irrelevant to the issues in this case. In addition to them claiming that the information does not pertain to either the standard of care or the civil rights components of the case, the defendants maintain that the agreement in place between C.C.I. and Lackawanna County (Doc. 73-3) mandates that all costs of medical care for the inmates are passed through to Lackawanna County at cost.

The plaintiff is requesting copies of all documents evidencing reimbursement to C.C.I. from 2004 to the present. While we agree that payments made to C.C.I. by Lackawanna County may be relevant for discovery purposes, we find that requiring the defendants to produce payments from as far back as 2004, is disproportional to the needs of the case. The motion papers make reference to an agreement dated December 15, 2009, entitled "Comprehensive Health Services Agreement" between C.C.I. and Lackawanna County. (Doc. 73-3). The

7

agreement's term was for three years, expiring on December 14, 2012. (*Id.* at 2). The agreement specifically states that the direct costs of care shall be passed through to Lackawanna County at cost. (*Id.* at 3). Thereafter, the agreement was renewed and extended for a five year period from December 15, 2012, through December 14, 2017. (*Id.* at 12-13).

As C.C.I. and Lackawanna County have been operating under this renewed and extended contract since September 12, 2012, through December 14, 2017, we will overrule the defendants' objection to Request No. 3 and we will grant the motion to compel directing that C.C.I. and Dr. Zaloga make a full and complete response to this Request for the period from September 12, 2012, through the date of plaintiff's transfer from the Lackawanna County Prison to SCI-Graterford.

### b. *Request for Production of Documents No. 7*

Request No. 7 is directed to defendants C.C.I. and Dr. Edward Zaloga and it seeks any and all documentation relating to their tax returns over the last five years. The defendants have objected to this request on the same lack of relevance grounds as they have objected to Request No. 3.

With respect to the production of tax returns, "[p]ublic policy favors the nondisclosure of income tax returns." *DeMasi v. Weiss,* 669 F.2d 114, 119 (3d Cir. 1982). An individual's privacy interest in his tax returns must be weighed against factors including the opposing party's need for the information, its materiality, and its relevance. *See id.* at 120.

Whether tax returns are discoverable turns on whether (1) the tax returns are relevant to the subject matter of the action; and (2) there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable. *Jackson v. Unisys, Inc.*, No 08–3298, 2010 WL 10018, at *2 (E.D. Pa. Jan. 4, 2010) (quoting *DeMasi, Id.*)); *In re Sunrise Secs. Litig.,* 130 F.R.D. 560, 578 (E.D. Pa. 1989). The party seeking the discovery at issue bears the burden of establishing its relevance, while the party resisting discovery bears the burden of establishing other sources for the information. *Id.*

In support of the release of the tax returns, the plaintiff maintains that the tax returns are relevant to the plaintiff's burden to establish motive, deliberate indifference, and/or a defective policy or custom. The plaintiff argues that the documents are relevant because he has

9

"alleged a cost-saving scheme perpetrated by the denial of medical care." (Doc. 70, at 7). He concludes that the finances of C.C.I and the financial relationship between C.C.I. and Lackawanna County are relevant to this case. He argues that the alleged cost-savings policy has "been persistent since 2004" as justification for the requested tax returns. (*Id.* at 9).

The defendants argue that prisons are constitutionally permitted to consider costs as a factor when providing medical care to its inmates. Prisoners do not have constitutional rights to unlimited medical care of their choosing free from all considerations of cost. *Winslow v. Prison Health Services*, 406 Fed. App'x 671, 675-76 (3d Cir. 2011). It is not enough for a plaintiff to merely offer "conclusory allegations" that there was a cost-saving policy in effect without providing evidential support of (1) the relevant policies; (2) the plaintiff's basis for the belief that "policies to save money" affected the relevant medical treatment; and (3) what specific treatment was denied as a result of these policies. *Id.* at 674.

"[P]risoners do not have a constitutional right to limitless medical care, free of the cost constraints under which law-abiding citizens

receive treatment." *Id.*; s*ee also Reynolds v. Wagner*, 128 F.3d 166, 175 (3d Cir. 1997) ("[T]he deliberate indifference standard [] does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society."); *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The cost of treatment alternatives is a factor in determining what constitutes adequate, minimum-level medical care, but medical personnel cannot simply resort to an easier course of treatment that they know is ineffective.") (citations omitted); *Caines v. Hendricks*, No. 05–1701, 2007 WL 496876, at *8 (D.N.J. Feb. 9, 2007) ("[I]t is not a constitutional violation for prison authorities to consider the cost implications of various procedures, which inevitably may result in various tests or procedures being deferred unless absolutely necessary.").

The plaintiff fails to show any correlation between his allegations of "cost-saving polices" and his medical condition and/or treatment. Instead, the plaintiff maintains that his injuries were directly attributable to C.C.I.'s prioritization of profits and cost-cutting over patients as well as its failure to adequately treat him during his stay in

the prison. Despite these conclusions, the plaintiff has not sustained his burden of establishing relevance and a compelling need for the production of these defendants' tax returns. We see no reason to override the public policy favoring the non-disclosure of tax returns. The objection to Request No. 7 shall be sustained and the motion to compel shall be denied with respect to this Request.

### C. *Motion for Attorney's Fees and Costs*

We see no basis to award counsel fees and costs for service of these defendants. Also, we find no justification for the imposition of sanctions regarding the motion to compel. We sustained the objection to Request No. 7 and we limited the production of documents to a substantially reduced time frame with respect to Request No. 3. After applying the legal standards regarding the award of attorney's fees and costs, we find that the defendants have met the substantial justification test as established by *Pierce*, 487 U.S. at 565.

An appropriate Order follows.

**s/ Joseph F. Saporito, Jr.**
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: April 20, 2018