IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMIR WHITEHURST | : | |
| | : | |
| V. | : | 17 CV 903 |
| | : | |
| LACKAWANNA COUNTY, et al | : | |

**PLAINTIFF'S ANSWER TO MEDICAL DEFENDANTS' STATEMENT OF MATERIAL FACTS**

1. Admitted. By way of further answer, this was a minor fall that resulted in superficial, non-life-threatening injuries. Exhibit A at 15, p. 55; See generally Exhibit B; Exhibit C.

2. Admitted. By way of further answer, Plaintiff's vital signs were normal and he was physically "Well-Developed and Well-Nourished and Not in Acute Distress." Exhibit C at MT0033, MT0035.

3. Admitted.

4. Admitted. By way of further answer, Plaintiff was denied a meaningful intake evaluation because he was never seen by a medical doctor providing medical services or by a physician's assistant. Exhibit S at 10-11, pp. 37-38.

5. Admitted.

6. Denied. While nurses did note this, Plaintiff denied using spice when asked by medical staff. Exhibit A at 9, p. 32; Exhibit A at 17, p. 65-66.

7. Admitted.

8. Denied. While this was documented by nurses, Plaintiff was suffering from a mental health crisis. Exhibit A at 52, p. 202. Nurses knew he had a history of mental health issues, and he was exhibiting symptoms of such. Exhibit D at CCI0040, CCI0042.

9. Admitted.

10. Admitted.  By way of further answer, Plaintiff remained in that camera cell until June 9, 2015. Exhibit A at 53, pp. 206-207.

11. Admitted.

12. Admitted in part and denied in part.  This is accurate but for the fact that this occurred at 11:50 p.m. on May 24, 2015.  Exhibit W at 223.

13. Admitted in part and denied in part.  This is accurate but for the fact that this occurred at 12:25 a.m. on May 25, 2015.  Exhibit W at 223.

14. Admitted.

15. Admitted.  By way of further answer, this was a refusal for corrections, not medical; medical did not see Plaintiff at this time.  The next medical involvement after placement in the restraint chair was 4:40 a.m.  Exhibit R at 14-15, Exhibit D at CCI106 – CCI108.

16. Admitted.  By way of further answer, this coincides with the medical intervention discussed in the previous averment.

17. Admitted. By way of further answer, this coincides with the medical intervention discussed in the previous two averments.

18. Admitted.

19. Admitted.  By way of further answer, this was a refusal for corrections, not medical; medical did not see Plaintiff at this time.  The next medical involvement after placement in the restraint chair was 4:40 a.m.  Exhibit R at 15-16, Exhibit D at CCI106 – CCI108, Exhibit H at 66-68, Exhibit W at 224.

20. Admitted.

21. Admitted

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted. By way of further answer, this was correctional, not medical intervention.

27. Admitted.

28. Denied. This is not reflected in the log. Exhibit W at 230.

29. Denied. This is not reflected in the log. Exhibit W at 230.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Denied. This documentation only established there was a med pass. There was no meaningful medical evaluation or treatment during this time. Exhibit S at 11, pp. 39-42, 116-117.

36. Admitted.

37. Denied. There was no meaningful medical evaluation or treatment during this time. Exhibit S at 11, pp. 39-42, 116-117.

38. Admitted.

39. Admitted.

40. Admitted in part and denied in part. It is admitted that he "saw" Plaintiff. There was no meaningful medical evaluation or treatment during this time. Exhibit S at 11, pp. 39-42, 116-117.

41. Admitted in part and denied in part.  It is admitted that he "saw" Plaintiff. There was no meaningful medical evaluation or treatment during this time. Exhibit S at 11, pp. 39-42, 116-117.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted. By way of further answer, Plaintiff was objectively not "okay." He was a day away from being in a near death condition, and it would have been obvious to Dr. Mallik as such. Exhibit S at 15, pp. 55-59.

64. Admitted.

65. Admitted.

66. Admitted.

67. Admitted.

68. Admitted.

69. Admitted.

70. Admitted.

71. Admitted in part and denied in part. It is admitted that Plaintiff was placed in the restraint chair on numerous occasions. It is specifically denied that this was in accordance with LCP policy. Plaintiff was kept in excess of the time allowed by policy. He was not appropriately exercised, fed, and attended to medically. Specifically, he was in there for, at one point, 14 hours, when only eight hour increments are permitted. Exhibit W at 228-229. Exhibit I at 14-15; Exhibit X at 3. He was not monitored every fifteen minutes as required by policy. Exhibit X at 2; See Generally Exhibit W.

72. Denied. See answer to averment 71.

73. Admitted.

74. Admitted.

75. Admitted.

76. Admitted.

77. Admitted.

78. Denied.  This is not indicated by the records identified by Defendants.

79. Denied.  This is not indicated by the records identified by Defendants.

80. Admitted.

81. Admitted.

82. Denied.  Plaintiff is no longer incarcerated.

83. Denied. Plaintiff filed a grievance on July 2, 2015.  Exhibit K.  This grievance complained of excessive force, harassment, and mistreatment by corrections staff.  It also complained about neglect and mistreatment by the medical staff.  Having received no response, Plaintiff filed an appeal of that grievance on July 3, 2015.  Exhibit L.  Having not gotten a response, Plaintiff filed an inquiry about the status of the grievance on August 6, 2015.  Exhibit M.

          Respectfully Submitted,

          */s/ Curt M. Parkins*
          Curt M. Parkins, Esq.

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMIR WHITEHURST | : | |
| | : | |
| V. | : | 17 CV 903 |
| | : | |
| LACKAWANNA COUNTY, et al | : | |

## CERTIFICATE OF SERVICE

AND NOW, this 17th day of June, 2019, I, Curt M. Parkins, Esq., hereby certify that a true and accurate copy of the foregoing answer was served upon counsel for all Defendants via ECF.

Respectfully Submitted,

*/s/ Curt M. Parkins*
Curt M. Parkins, Esq.